```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ASHMEEN MODIKHAN,

                    Appellant,                    MEMORANDUM & ORDER
                                                  22-CV-6434(EK)

        -against-

 DARREN ARONOW, ESQ., HANIN R.
 SHADOOD, COURTNEY R. WILLIAMS, et al.

                    Appellees.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

Debtor Ashmeen Modikhan, proceeding *pro se*, challenges several decisions in her Chapter 7 bankruptcy case. First, she expressly appeals two orders issued by the bankruptcy judge: one authorizing the trustee to settle a personal injury claim (the "Settlement Order"), and another denying her motion to dismiss the entire bankruptcy proceeding (the "Order Denying Dismissal"). Notice of Appeal, ECF No. 1; Notice of Appeal, *Modikhan v. Aronow*, No. 22-cv-6439 (E.D.N.Y. Oct. 24, 2022), ECF No. 1; *see* Appellant's Br., ECF No. 11. Second, Modikhan implicitly challenges two other orders: one order lifting, and one order declining to reimpose, the Bankruptcy Code's automatic stay with respect to two state foreclosure actions against her. Order Granting in Part, Den. in Part Mot. Relief from Stay, *In re Modikhan*, No. 19-BK-46591 (Mar. 23, 2022), ECF No. 279 (the

"Ozone Park Order"); Order Den. Debtor's Req. Reinstate Automatic Stay, *id.* (Oct. 28, 2022), ECF No. 33 (the "Howard Beach Order").  These challenges are implicit because Modikhan appealed neither order.  Instead, Modikhan asked this Court to stay those foreclosure proceedings, *see* Appellant's Letter Mot., ECF No. 19 — that is, to do what the bankruptcy court refused to do months ago.[1]

For the reasons set forth below, this Court is constrained to deny the various forms of relief that Modikhan seeks.

## I. Legal Standard

There are two channels for obtaining relief from bankruptcy court orders in the district court.  "Final" orders (and certain interlocutory orders not relevant here) may be appealed as of right via a timely notice of appeal.  Fed. R. Bankr. P. 8003(a)(1); *see* 28 U.S.C. § 158(a)(1)-(2).  Other interlocutory orders may be appealed by both filing a timely notice of appeal and obtaining the district court's leave.  Fed. R. Bankr. P. 8004; *see* 28 U.S.C. § 158(a)(3).  Both channels require a timely notice of appeal – indeed, it is "jurisdictional," *In re Siemon*, 421 F.3d 167, 169 (2d Cir.

---

[1] Modikhan also asked this Court to stay the state-court personal injury case underlying the Settlement Order.  I deem this request a motion for a stay of the Settlement Order pending appeal, and because this opinion resolves Modikhan's appeal of the Settlement Order, I deny that stay request as moot.

2

2005), even in *pro se* cases, *see In re Sterling*, 690 F. App'x 747, 747 (2d Cir. 2017).

Thus, I face three threshold questions for each order Modikhan challenges.  First, did Modikhan timely file a notice of appeal?  If not, this Court lacks jurisdiction.  If yes, second, is the order final or interlocutory?  And, if interlocutory, third, should leave to appeal be granted?

## II.  Discussion

### A.  The Court has Jurisdiction Over Modikhan's Appeals of the Settlement Order and the Order Denying Dismissal

Modikhan filed timely notices of appeal of the Settlement Order and the Order Denying Dismissal.  The bankruptcy court entered the Settlement Order on September 1, 2022 and the Order Denying Dismissal the next day.  Modikhan had fourteen days from the entry of each order to appeal or move the bankruptcy court for an extension, plus another twenty-one days to seek an extension if she could show excusable neglect.  Fed. R. Bankr. P. 8002(a) and (d).  On September 30, 2022, within the time for seeking an extension upon a showing of excusable neglect, Modikhan sought an extension.  She then filed her notices of appeal on October 21, 2022.  On October 27, 2022, the bankruptcy court found excusable neglect and retroactively extended her deadline to October 21.  *See* Hr'g Tr. 21:12-14, *In*

3

*re Modikhan*, No. 19-BK-46591 (Oct. 27, 2022), ECF. No. 329.[2] This Court thus has jurisdiction over the appeals of both the Settlement Order and the Order Denying Dismissal.

That is not the case for the Ozone Park Order and the Howard Beach Order. For those orders, the closest submission to a notice of appeal that Modikhan has made is her letter motion, filed April 13, 2023, seeking from this Court the same relief denied below. Because Modikhan's *pro se* submissions receive "special solicitude," *see Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010), I construe that letter motion as a notice of appeal "mistakenly filed in a district court," equivalent to a properly filed notice of appeal. *See* Fed. R. Bankr. P. 8002(a)(4) ("If a notice of appeal is mistakenly filed in a district court, . . . the clerk of that court must state on the notice the date on which it was received and transmit it to the bankruptcy clerk. The notice of appeal is then considered filed in the bankruptcy court on the date so stated."). Nevertheless, that notice of appeal is not *timely*. Even if it were treated as an extension request, Modikhan would have needed to file it within thirty-five days after the orders were entered, *see* Fed. R. Bankr. P. 8002(a) and (d) – meaning by April 27, 2022 for the

---

[2] This retroactive extension to October 21 was permitted – a bankruptcy court may extend a notice of appeal filing deadline up to "21 days after the [Rule 8002(a) deadline], or *14 days after the order granting the motion to extend time is entered, whichever is later*." Fed. R. Civ. P. 8002 (emphasis added).

Ozone Park Order and by December 1, 2022 for the Howard Beach Order.  She did not.  Thus, the only orders I have jurisdiction to revisit are the Settlement Order and the Order Denying Dismissal.

**B.     The Settlement Order is Affirmed on the Merits**

The Settlement Order is final and appealable as of right.  *See In re Smart World Techs., LLC*, 423 F.3d 166, 173–74 (2d Cir. 2005) (treating order approving settlement as final).  Reaching the merits, I affirm.

I review the bankruptcy court's approval of a settlement (and the concurrent award of attorneys' fees) for abuse of discretion.  *In re Iridium Operating LLC*, 478 F.3d 452, 461 n.13 (2d Cir. 2007); *In re Williams*, 224 B.R. 523, 528-29 (B.A.P. 2d Cir. 1998).

Civil settlements are generally approved in the bankruptcy context unless they "fall[] below the lowest point in the range of reasonableness."  *Id*.  Here, the bankruptcy court found the settlement to be "fair and reasonable."  Settlement Order 4.  Largely for the reasons articulated by the bankruptcy court, that conclusion was comfortably within the bankruptcy court's discretion, as the settlement "allowed for certainty, for payment in full of the Estate's administrative expenses, the Debtor's Exemption, the workers' compensation lien and . . . a

5

potential additional surplus to the debtor." Trustee's Br. 28, ECF No. 12.

As to the fee award, the grant of a pre-approved fee award will generally be viewed as a sound exercise of discretion unless the arrangement is "proven to have been improvident in light of developments not capable of being anticipated at the time of the pre-approval." *In re Smart World Techs., LLC*, 552 F.3d 228, 234 (2d Cir. 2009) (citing 11 U.S.C. § 328(a)). Here, the bankruptcy court pre-approved awarding one-third of the recovery from Modikhan's personal injury case to the Trustee's attorneys. Trustee's Br. 36. A fee equal to one-third of a fair and reasonable settlement of that case was precisely what the bankruptcy court anticipated at the time of the pre-approval.

There was no abuse of discretion here, and the Settlement Order is affirmed.

C.  **The Order Denying Dismissal is Interlocutory, and Leave to Appeal is Denied**

Unlike the Settlement Order, the Order Denying Dismissal is interlocutory. *See Delaney v. Messer*, No. 22-CV-1664, 2023 WL 2614099, at *10 (E.D.N.Y. Mar. 20, 2023) (holding that "an order denying dismissal is no more a 'final decision' than an order denying summary judgment," and collecting cases). Accordingly, I deem the notice of appeal a motion for leave to

6

appeal, Fed. R. Bankr. P. 8004(d), and I deny leave. *Id.* An interlocutory appeal is appropriate only where "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018); *cf.* 28 U.S.C. 1292(b) (prescribing this standard for interlocutory appeals of district court decisions). Here, by contrast, Modikhan "simply wants this Court to weigh the relevant facts differently than the Bankruptcy Court and to reach the opposite result." *Delaney*, 2023 WL 2614099, at *11 (denying debtor leave to appeal denial of motion to dismiss).

### III. Conclusion

The Settlement Order and the Order Denying Dismissal are AFFIRMED. Modikhan's letter motion to stay is DENIED. The

7

Clerk of Court is respectfully directed to enter judgment and close the case.

       SO ORDERED.

                                                  /s/ Eric Komitee
                                            ERIC KOMITEE
                                            United States District Judge

Dated:    May 9, 2023
            Brooklyn, New York